IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES | ) |
| | ) CR 9-85 |
| v. | ) CV 17-561 |
| RAYMOND L. JACKSON | |

**MEMORANDUM ORDER**

In this action, Defendant pleaded guilty to one count of violating 18 U.S.C. §§ 922(g) and 924(e).[1] On April 15, 2010, he was sentenced to a term of imprisonment of 188 months, followed by a term of supervised release. The Court of Appeals affirmed Defendant's conviction and sentence. Defendant then filed a Motion to Vacate pursuant to 28 U.S.C. § 2255, which is dated April 12, 2017. The Government has filed a response, and Defendant's Motion is now ripe for disposition.

A prisoner in federal custody may move to vacate his or her sentence under 28 U.S.C. § 2255(a) if such "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). "[R]elief under § 2255 is available only when 'the claimed error of law was a fundamental defect which inherently results in a complete miscarriage of justice, and ... present[s] exceptional circumstances where the need for the remedy afforded by the writ ... is apparent.'" United States v. Travillion, 759 F.3d 281, 288 (3d Cir. 2014) (quoting Davis v. United States, 417 U.S. 333, 346, 94 S. Ct. 2298, 41 L.Ed.2d 109 (1974)). A district court need not hold an evidentiary hearing on a Section 2255 motion if the motion, files, and records show conclusively that the defendant is not entitled to relief. United States v. Ritter, 93 F. App'x 402,

---

[1] Judge Cercone presided over this matter until it was transferred to my docket on February 26, 2018.

404 (3d Cir. 2004). Further, I have considered Defendant's submissions in accordance with well-established liberal standards applicable to pro se pleadings. In this case, an evidentiary hearing is unnecessary, and the Motion will be disposed of on the record.

Defendant argues that he was improperly sentenced as a career offender, in light of Mathis v. United States, 136 S. Ct. 2243 (2016), United States v. Hinkle, 832 F. 3d 569 (5th Cir. 2016), and Johnson v. United States, 135 S. Ct. 2551 (2015).

The Government, in turn, contends that Defendant's Motion is untimely.[2] 28 U.S.C. § 2255(f) provides a one-year period to file a motion to vacate that runs from the latest of, inter alia, the date on which the conviction became final, or the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable on collateral review. Here, Defendant's Motion was dated April 12, 2017, well over a year after the Supreme Court's June 26, 2015 decision in Johnson. Moreover, Mathis does not represent a newly recognized right that restarts the time period set by Section 2255(f). See, e.g., United States v. Stevens, No. 08-377, 2017 U.S. Dist. LEXIS 192256, at *5 (W.D. Pa. Nov. 21, 2017). Nor does Hinkle restart the time period; Section 2255(f), by its terms, contemplates to decisions by the Supreme Court, and not those by Circuit Courts. See, e.g., United States v. Kenney, No. 92-22, 2016 U.S. Dist. LEXIS 168960, at *7 (M.D. Pa. Dec. 7, 2016). Defendant's submissions do not suggest any justification or excuse that would warrant extending or altering the time limit. Therefore, Defendant's Motion must be denied as untimely.

Under 28 U.S.C.§ 2253(c)(2), a "certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right." When a district

---

[2] The Government also points to Defendant's waiver of his collateral rights, as part of his plea agreement. Even if his Motion were timely, the waiver would present another potential barrier to relief.

court denies a § 2255 motion on a procedural ground, without reaching the underlying constitutional claim, a certificate of appealability should issue only if jurists of reason would find the district court's procedural ruling debatable, and the petition states a valid claim that constitutional rights were denied. <u>United States v. Deaderick</u>, No. 8-174, 2016 U.S. Dist. LEXIS 27027, at *7 (W.D. Pa. Mar. 3, 2016). Under these standards, a certificate of appealability will not issue.

AND NOW, this 12th day of April, 2018, IT IS SO ORDERED.

BY THE COURT:

*Donetta F. Ambrose*

———————————————

Donetta W. Ambrose

Senior Judge, U.S. District Court